# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEALTHCARE BILLING SYSTEMS, LLC,**

      **Plaintiff,**

**v.**                                                 **Case No:   6:20-cv-1167-Orl-31LRH**

**ATHENS-CLARKE MEDICAL ENTERPRISES, LLC and ATHENS-CLARKE EMERGENCY SPECIALISTS, LLP,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 20) and Defendants' opposition thereto (Doc. 24).

This is a breach of contract and fraudulent transfer action that Healthcare Billing Systems, LLC, doing business as DuvaSawko ("DuvaSawko"), originally filed in state court against Athens-Clarke Medical Enterprises, LLC ("ACME") and Athens-Clarke Emergency Specialists, LLP ("ACES"), collectively referred to herein as Defendants. On July 1, 2020, Defendants filed a Notice of Removal (Doc. 1). DuvaSawko's Motion to Remand (Doc. 20) contends that removal was untimely.

DuvaSawko is an LLC incorporated in Delaware and its sole member is HBS Buyer Acquisition Corporation, a Delaware corporation with its principal place of business in Florida. DuvaSawko is, therefore, a citizen of Delaware and Florida. Defendants are citizens of Georgia.

DuvaSawko served its Initial Complaint on ACES on March 20, 2020 and its Amended Complaint on ACME on April 27, 2020 (Doc. 20-1). DuvaSawko's Complaint states that it is a

Delaware LLC, but does not specify the identity or citizenship of its members. On May 29, 2020, ACME emailed DuvaSawko, asking for the citizenship of DuvaSawko's members. Doc. 1 at 62. DuvaSawko responded on June 5, 2020. Doc. 1 at 61.

DuvaSawko asserts that Defendants' 30-day removal deadline under 28 U.S.C. § 1446(b)(1) (2012) was triggered on April 27, 2020 by the Amended Complaint because it notified Defendants about the potential for removal. In support of this contention, DuvaSawko argues that Defendants were required to investigate DuvaSawko's members' citizenship within 30-days of service. Defendants contend that the Complaint did not trigger the 30-day deadline under § 1446(b)(1) because they could not ascertain removability without knowing the citizenship of DuvaSawko's members. Rather, Defendants assert that the 30-day deadline under § 1446(b)(3) applies, which triggered on June 5, 2020 when DuvaSawko responded.

The issue is whether § 1446(b)(1) requires defendants to investigate jurisdictional facts within 30-days of receiving a complaint when it gives them some "clue" about removability, but insufficient information to file a notice. The Eleventh Circuit has not ruled on this issue. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 767 n. 23 (11th Cir. 2010). Several other circuits have declined to read this requirement into § 1446(b)(1), stating the test to be whether a defendant can intelligently ascertain removability from the "four corners" of the complaint to see if the 30-day deadline is triggered. *See, e.g.*, *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001); *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Although the Eleventh Circuit has held that courts may consider information beyond the pleadings available to defendants, it has not held that defendants are required to seek such information within 30 days of service. *See Pretka*, 608 F.3d at 767-68.

Neither the statute nor binding precedent impose a duty to investigate. The reasoning from other circuits is persuasive and the "intelligently ascertain" standard is workable within the requirements of § 1446. Imposing a duty to investigate would create an uncertain and subjective standard in reviewing removal cases. Case law that DuvaSawko cites from this District does not impose a duty to investigate. *Photo-Tech, Inc. v. Pfizer, Inc.*, No. 8:10-CV-856-T-27EAJ, 2010 WL 11508157, at *2 (M.D. Fla. Aug. 24, 2010) ("Section 1446(b) generally imposes no duty on the defendant to investigate the necessary jurisdictional facts within thirty days of receiving a complaint that is indeterminate as to the existence of diversity jurisdiction.").

DuvaSawko's Complaint failed to provide Defendants with sufficient information to intelligently ascertain the removability of this case. The only information Defendants had at receipt of service was that DuvaSawko is an LLC incorporated in Delaware. Doc. 20 at 12. Defendants could not ascertain DuvaSawko's citizenship without knowing the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F3d 1020, 1022 (11th Cir. 2004). DuvaSawko does not explain, nor does the record reveal, how Defendants could ascertain this information without further inquiry. Therefore, the 30-day deadline was triggered under § 1446(b)(3) on June 5, 2020, when Defendants received "other papers" disclosing the

citizenship of DuvaSawko's sole member. Defendants' Notice of Removal filed on July 1, 2020 was timely.

Accordingly, it is

**ORDERED** that Plaintiff's motion (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 1, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party